

FILED

JUN - 1 2020

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

United States District Court
Southern District Of West Virginia

Leonte Mack

    V.               1:20-Cr-00354
                              Amended

United States of America
Warden John Doe
Warden Jane Doe
Warden C. Maruka
MD Maurice Yu
Associate Warden D. Rich
CNP Jenniffer Armstrong
PA John Doe
Case Manager Coordinator Ms. Rife
PA Carothess
X-Ray Ms. Weaver
PA Jane Doe
Unit Manager Ms. Huffman

United States of America is being sued in it's individual, official and private capacity.

Warden John Doe at FCI McDowell 2016-2017 or 2018 is being sued in his individual, and private and official capacity.

Unit Manager Ms. Huffman is being sued in her individual, official and private capacity at FCI McDowell.

Case Manager Coordinator Ms. Rife at FCI McDowell is being sued in her individual, official and private capacity.

Warden Jane Doe at FCI McDowell 2018-2019 is being sued in her individual, official and private capacity.

Warden C. Maruka at FCI McDowell 2019 to present is being sued in his individual, official and private capacity.

Associate Warden D. Rich at FCI McDowell is being sued in his individual, official and private capacity.

CNP Jenniffer Armstrong at FCI McDowell is being sued in her individual, official and private capacity.

PA John Doe at FCI McDowell is being sued in his individual, official and private capacity.

PA Carothess at FCI McDowell is being sued in his individual, official and private capacity.

X-Ray Ms. Weaver at FCI McDowell is being sued in her individual, official and private capacity.

PA Jane Doe at FCI McDowell is being sued in her individual, official and private capacity.

## Statement Of Claim
### 1.

Warden John Doe knew or should have known as Warden from 2016-2017 or 2018 the neglect, deliberate indifference and failure in the performance of staff at FCI McDowell medical facility.

Exhibit A establishes in 2016 a X-Ray was taken of plaintiff left hip revealing an abnormality causing pain and suffering in the left hip.

Plaintiff was only seen by PA's whom are not specialist in the field of osteoarthritis or Medical Doctors and only told plaintiff to purchase Ibuprofen that did not cure plaintiff medical issue's but only allowed it to get worse. (See Ex. E&F.)

Warden John Doe neglect and deliberate indifference violated plaintiff Eighth Amendment Constitutional Rights for Cruel and Unusual Punishment, Mental

and Physical Anguish from Pain and Suffering Plaintiff endured. (See Ex.C).

Warden Jane Doe Knew or should have known as Warden from 2018-2019 the neglect, deliberate Indifference and failure in the performance of staff at FCI McDowell medical facility.

Exhibit A establishes in 2016 a X-Ray was taken of plaintiff left hip revealing an abnormality causing pain and suffering in the left hip.

Plaintiff was only seen by PA's whom are not specialist in the field of osteoarthritis or Medical Doctors and only told plaintiff to purchase Ibuprofen that did not cure plaintiff medical issue but only allowed it to get worse. (See Ex. E & F).

Warden Jane Doe neglect and deliberate Indifference violated plaintiff Eighth Amendment Constitational Right's for Cruel and Unusual Punishment, Mental and Physical Anguish from Pain and Suffering plaintiff endured.

Warden C. Maruka Knew or should have known as Warden the neglect, deliberate indifference and failure in the performance of staff at FCI McDowell medical facility.

Exhibit A establishes in 2016 a X-Ray was taken of plaintiff left hip revealing an abnormality causing pain and suffering in the left hip.

Plaintiff was only seen by PA's whom are not specialist in the field of osteoarthritis or Medical Doctors and only told plaintiff to purchase Ibuprofen that did not cure plaintiff medical issue but only allowed it to get worse. (See Ex. E, F & G).

Associated Warden D. Rich knew or should have known the neglect, deliberate indifference and failure in the performance of staff at FCI McDowell medical facility.

Exhibit A establishes in 2016 a X-Ray was taken of plaintiff left hip revealing abnormality causing pain and suffering in the left hip.

Plaintiff was only seen by PA's whom are not specialist in the field of osteoarthritis or Medical Doctors and only told plaintiff to purchase Ibuprofen that did not cure plaintiff medical issue but only allowed it to get worse. (See Ex. D, E & F).

Warden C. Maruka and Associate Warden D. Rich neglect and deliberate indifference violated plaintiff Eighth Amendment Constitutional Rights for Cruel and Unusual Punishment, Mental and Physical Anguish from the pain and suffering plaintiff endured.

Case Manager Coordinator Ms. Rife knew plaintiff medical issue from previous cop-outs forwarded, conversations and the Medical Duty Status of cell

on the first floor and lower bunk. (See Ex. B).

Defendant Rife deliberately and maliciously allowed plaintiff to be moved from a first floor unit to a upper tier unit (3 stories climb to bottom floor) in the summer of 2018. (See Ex. H).

After several days of this cruel and unusual punishment where plaintiff suffered severe pain climbing these stairs.
Defendant Rife (as Supervisor of defendant Huffman) failed in the performance of her duties to stop this mental and physical anguish plaintiff was enduring. (See Ex. H).

Defendant Rife again failed in the performance of her duties allowing plaintiff to be moved again from a lower tier unit to a upper tier unit in 2018 to present and has refused to move plaintiff from that unit to the present day.

Defendant Rife deliberately and maliciously failed in the performance of her duties violated plaintiff Eighth Amendment Constitutional Rights for Cruel and Unusual Punishment, Mental & Physical Anguish from the pain and suffering endured for years climbing 3 stories of stairs and having a lower tier, bottom bunk

medical duty status from medical.

Defendant Huffman deliberately and maliciously moved plaintiff from B2 (Lower tier unit / First floor) to B-3 upper tier unit knowing plaintiff had a medical duty status stating cell on first floor, Lower bunk. (See Ex. I).

After several days of this cruel and unusual punishment where plaintiff suffered severe pain climbing these stairs defendant Huffman had plaintiff moved back to B-2 Lower tier unit / Lower bunk.

Defendant Huffman again moved plaintiff from B2 Lower tier unit to A4 an upper tier unit knowing plaintiff had the lower tier unit and bottom bunk medical duty status for years.

Defendant Huffman never moved plaintiff from A4 upper tier unit in 2018 to a lower tier unit as of this present day and this deliberate and malicious failure in the performance of her duties violated Plaintiff Eighth Amendment Constitutional Rights for Cruel and Unusual Punishment, Mental and Physical Anguish from the pain and suffering for years climbing 3 stories of stairs and having a lower tier and bottom bunk medical duty status from medical.

PA Carothess and PA Jane Doe both knew plaintiff on going medical situation from numerous visits to medical but repeatly charged a $2.00 inmate Co-pay for the medical visit then, another $2.75 for plaintiff to pay for Ibuprofen. (See Ex. E&F)

PA Carothess or PA Jane Doe [NOT] osteoarthritis specialist or Medical Doctors qualified or certified to make a medical diagnosis of plaintiff or recommend [ANY] course of action to be taken medically.

The only thing defendant Carothess and Jane Doe did was violate plaintiff Eighth Amendment Constitutional Rights for Cruel and Unusual Punishment that caused Mental and Physical Anguish from pain and suffering over several years.

CNP Jenniffer Armstrong also provided a Medical Duty Status for cell on first floor, Lower bunk that's been ignored by defendant Rife and Huffman for the past few years plaintiff has been housed in upper tier unit A4 3 stories climb to first floor. (See Ex. B)

Defendant Armstrong is the [ONLY] person working in medical that had defendant Weaver take an X-Ray then change plaintiff care Level to Care Level 2 because of how severe the osteoarthritis had progressed

# CONCLUSION

FCI McDowell is Medically inadequate to provide adequate medical care for plaintiff. There is [NO] Medical Doctor at this facility and [NEVER] has been for years.

Plaintiff was in running and good shape before coming to FCI McDowell and at the beginning somewhat, but now can barely walk from osteoarthritis condition getting worse by the day.

All defendants failed in an individual capacity neglecting the pain and suffering plaintiff endured. They all also failed in an official capacity violating their fiducary duties and failed in a private capacity not expressing the decency to acknowledge another human being pain and suffering. All defendant except Armstrong and John Doe (Good).

WHERE FORE: Plaintiff prays this honorable court GRANT his Civil Complaint and Award ALL DAMAGES the court deems appropriate.

Sincerely, Leonta Mack